# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| ROBERT EARL JACKSON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. CIV 13-081-RAW-SPS |
| TIM WILKINSON et al., | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's amended complaint (Dkt. 52), the defendants' motion (Dkt. 54), and plaintiff's response to the motion (Dkt. 55).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Mack Alford Correctional Center (MACC) in Stringtown, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged violations of the Fifth, Eighth, and Fourteenth Amendments during his incarceration at Davis Correctional Facility (DCF) in Holdenville, Oklahoma. The defendants are DCF Warden Tim Wilkinson, DCF Property Officer Cartwright, and DCF Officer Rankin.

Plaintiff alleges that on September 22, 2009, he arrived at DCF from Oklahoma State Penitentiary (OSP) with his television, which the property officer found had been destroyed in transit. Pursuant to the facility's informal resolution procedures, plaintiff filed a lost/damaged property claim. An informal resolution between plaintiff and DCF unit staff was held, and it was agreed that DCF would replace the destroyed television. Plaintiff, however, did not understand that the replacement was a "loaner" television.

On February 17, 2014, plaintiff was involved in an incident in the chow hall when DCF staff used force and took his MP3 player, so he could be handcuffed. Plaintiff advised

Defendant Officer Rankin that the MP3 player was lost during the struggle, and probably was still in the chow hall. Plaintiff claims Rankin was "of the mindset" that there was no duty to find the lost property, because plaintiff was being transferred to another facility. Plaintiff was transferred to OSP without his television or MP3 player, so he filed a Request to Staff to Defendant Warden Wilkinson about the lost property. Wilkinson allegedly was indifferent to DCF's obligation to resolve the issue and has refused to replace the television.

Plaintiff is seeking reimbursement for his damaged television and for his lost MP3 player and charger. He also seeks punitive damages for the mental harm of imprisonment and solitary confinement without a television or MP3 player, as well as compensatory damages for the cost of this lawsuit.

The defendants allege plaintiff has failed to state a claim upon which relief can be granted. As an initial matter, plaintiff's amended complaint does not assert the defendants were responsible for the damage to his television. He acknowledges he arrived at DCF with a broken television. His argument about the television is that Defendants Wilkinson and Cartwright denied him due process and his property rights by not honoring an alleged informal agreement to replace the damaged television. Plaintiff believed this agreement meant he could take the replacement television with him when he transferred to another facility. He considers the alleged agreement to be a "contract" that was breached.

Regarding plaintiff's lost MP3 player, it is apparent from the face of the amended complaint that the defendants were not responsible for the loss of the device. Plaintiff admits he lost the MP3 player during a struggle that resulted in his being handcuffed, but contends the DCF staff should have taken measures to find the device. He has provided no legal authority that the failure to search for his property under these circumstances states a claim under 42 U.S.C. § 1983.

Random and unauthorized deprivation of a prisoner's property does not violate due process, so long as postdeprivation remedies are available. *See Winters v. Board of County Comm'rs*, 4 F.3d 848, 856-57 (10th Cir. 1993) (citing *Hudson v. Palmer*, 468 U.S. 517, 531-

33 (1984) and *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)); *see also Hall v. Bellmon*, 935 F.2d 1106, 1113 (10th Cir. 1991) (valid § 1983 claim for loss of prisoner's property must include allegations of deliberate conduct) (citing *Daniels*, 474 U.S. at 333-34); *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990) (negligent conduct does not implicate due process, therefore cannot form basis for § 1983 claim).

Here, the court finds plaintiff has not alleged the defendants intentionally deprived him of his property. He claims he submitted a lost/damaged property claim for the television, but he did not understand that the replacement television in the informal resolution would only be loaned to him. This lack of clarity in the informal resolution process does not state a claim under § 1983. He has made no allegation of filing a property claim for the MP3 player and charger, so he has not taken advantage of his post-deprivation remedy.

As for plaintiff's claim that the deprivation of his television and MP3 player violated the Eighth Amendment by causing him to suffer from emotional distress, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). While claims for mental and emotional distress can be brought pursuant to § 1983, § 1997e(e) provides that "such a suit cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms." *Perkins v. Kansas Dep't of Corrections,* 165 F.3d 803, 807 (10th Cir. 1999) (quotations omitted). Plaintiff has not made this showing.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine*

*v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 21st day of September 2015.

**Dated this 21st day of September, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma